392 So.2d 131 (1980)
Rose ERDEY
v.
Godfrey C. STEIB and Allstate Insurance Company.
No. 13542.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Rehearing Denied December 15, 1980.
*132 Hobart Pardue, Jr., Springfield, and Phillip T. Hager, New Orleans, for plaintiff.
Christopher E. Lawler, Gail Nelson, & Suzanne Dittmer, Metairie, for defendants.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
Defendant, Godfrey Steib, appeals from a judgment awarding plaintiff damages for personal injuries she sustained in an intersectional collision. The issue is whether or not the jury was manifestly erroneous in finding the defendant negligent and in assessing the amount of damages.
At trial, the testimony of plaintiff and defendant was in direct conflict as to how the accident occurred. The jury apparently accepted plaintiff's version of the incident. Plaintiff testified she was proceeding west on West Thomas Street in Hammond, and stopped at a stop light at the intersection of West Thomas and Southwest Railroad Avenue. When the light turned green she hesitated and proceeded to cross the intersection. As she entered the intersection, her automobile collided with defendant's automobile which was heading north on Southwest Railroad Avenue. The front left end of her car made contact with the middle right side of defendant's car.
Defendant testified he entered the intersection when the light was green. The light turned amber as his car was proceeding underneath the light. His version of the accident would indicate that plaintiff had entered the intersection while her light was still red.
An examination of the trial record shows the jury did not abuse its discretion in finding the defendant liable. Great weight must be given the jury's resolution of conflicting testimony on an issue of fact, especially where the credibility of witnesses is involved. Aleman v. Lionel F. Favret Co., Inc., La.App., 349 So.2d 262 (1977); Billiot v. Bourg, La.App., 338 So.2d 1148 (1976). Reasonable factual conclusions of the trier of fact should not be disturbed in the absence of manifest error. Canter v. Koehring Company, La.App., 283 So.2d 716 (1973).

DAMAGES
Defendant argues the damages awarded for lost wages, disability, and pain and suffering are excessive. Generally, an appellate court can disturb an award made by a trial court only if the record clearly reveals that the trier of fact abused its discretion in making the award. Coco v. Winston Industries, Inc., La.App., 341 So.2d 332 (1976).
The jury awarded plaintiff $28,000 for lost wages. The trial judge reduced the award to $5,000. The record shows Mrs. Erdey's net pay was $260 a month. She has been unable to work at her job as a grocery store clerk since the accident of May 5, 1976. She was approximately 59 years old at the time of the accident and might have worked at least six more years. She elected to draw early social security retirement several months after the accident, although the exact amount of her retirement benefits is not evident from the record. When a claim for lost wages cannot be proved with mathematical certainty, it can be established by any proof that reasonably establishes the claim, such as plaintiff's own testimony. The courts have reasonable discretion to *133 assess damages based upon all the facts and circumstances of the case. Jordan v. Traveler's Insurance Co., 257 La. 995, 245 So.2d 151 (1971). The award of $5,000 cannot be said to be unreasonable under the particular facts of this case.
Defendant contends the $10,000 award for disability is also excessive because there was no medical evidence of disability offered at trial. The record shows that Dr. Edmond Daly, the physician who treated plaintiff for her accident related injuries, testified he released plaintiff in August of 1976. At that time, he felt she had greatly improved although she still complained of pains in her neck and back. He stated that an x-ray revealed that plaintiff had osteoporotic condition of the spine which is caused by aging but could have been aggravated by the trauma of the collision.
Mrs. Erdey testified she is now unable to garden, bake, dance, take care of her grandchildren or work. She said she attempted to return to work on three occasions but each time was forced to stop working and return home due to the extreme pain and discomfort. Her testimony concerning her efforts to resume work was corroborated by her former employer, Charles Dixon. Her testimony concerning her curtailment of certain activities such as dancing and gardening was corroborated by testimony of a neighbor, Anna Sziber, and by her son, Joseph Erdey. We find the medical and lay testimony are sufficient to allow the fact finder to conclude that plaintiff is, in fact, disabled and has suffered a permanent limitation on her daily activities. As such, the award of $10,000 is not an abuse of the fact finder's discretion and should not be disturbed. Coco v. Winston Industries, Inc., supra.
Defendant contends the $25,000 granted for pain and suffering is unreasonable and an abuse of the discretion of the jury. The jury apparently accepted plaintiff's testimony that she suffered severe pain at the time of the accident and continues to be plagued periodically by extremely uncomfortable spasms in her back and neck. She testified she still requires a sleeping pad to alleviate the pain. Her son and her neighbor verified plaintiff's testimony by stating that she often complained about her back pains.
Counsel for both parties has cited numerous cases in which the fact finder granted awards of lesser or similar amounts for injuries to the neck and back. The Supreme Court has said:
"Further we believe that, heretofore, courts of appeal have placed too much emphasis on their review of other reported decisions. Certainly no two cases are ever fully alike. And whether two cases are so similar as to produce like quantum judgments is hardly discernible by gleaning the facts of the comparable decision from simply a written opinion of an appellate tribunal." Coco v. Winston Industries, Inc., supra, at 335.
We feel the facts and circumstances revealed in the record show the jury did not abuse its discretion in granting the plaintiff $25,000 for her pain and suffering.
Upon review, the question is not whether a different award might have been more appropriate, but whether the jury's award can be reasonably supported by the evidence. The fact that the evidence might also support a greater or lesser amount will not justify a change in the amount. Bitoun v. Landry, La.App., 302 So.2d 278 (1974).
For the foregoing reasons, the judgment of the trial court is affirmed. Defendant-appellant is to pay all costs.
AFFIRMED.