427 So.2d 676 (1983)
Ralph ROBERTS, Individually and as Administrator of the Estate of his minor son, Scott A. Roberts, and Scott A. Roberts
v.
ST. BERNARD PARISH SCHOOL BOARD, E.J. Grubb and Prudential Ins. Co.
No. 13329.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1983.
Rehearing Denied March 24, 1983.
James W. Brodtmann, Richard A. Tonry, Chalmette, for plaintiff-appellant.
Alexander N. Breckinridge, IV, Montgomery, Barnett, Brown & Read, New Orleans, for defendants-appellees.
Before GARRISON, KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiff, Ralph Roberts, individually and on behalf of his minor son, Scott A. Roberts, from the granting of a directed verdict at the end of plaintiff's case in chief in favor of defendants, the St. Bernard Parish School Board [hereinafter "School Board"] and its employee, E.J. Grubb.
Plaintiff had filed a petition for tort damages arising from personal injuries suffered by Scott Roberts, who was nearly twelve years old, when he was struck by an automobile driven by John O. Doran. Defendant Prudential on behalf of its insured, Mr. Doran, is not party to the appeal because they have settled with plaintiff.
Scott Roberts was enrolled in the Millaudon School of the St. Bernard Parish School System and rode a School Board bus daily. *677 Mr. Grubb was the driver of the bus which Scott had ridden, not only on the day of the accident, but for several months prior to the accident. Additionally, Mr. and Mrs. Roberts were personally acquainted with Grubb for some period of time prior to the accident.
The accident occurred on May 24, 1978, between 3:15 and 3:30 p.m. It was a clear and dry day. Scott was riding the school bus home with approximately 45 to 50 other children. Early in the route, Grubb turned right from St. Bernard Highway onto Franke Place and proceeded to the first stop about 150 to 200 feet from the corner. At the first stop three or four children were supposed to get off. Although this was not Scott's regular stop, he got off with a friend, intending to walk the rest of the way home. They had to cross St. Bernard Highway, a two-lane thoroughfare with a posted speed limit of 45 miles per hour, to get home from this stop.
Scott walked back along Franke Place to the Highway with his friend. When they reached the Highway, Scott's friend ran across the Highway while he walked a few feet along the shoulder, away from the intersection at Franke Place. There was normal traffic on the Highway that afternoon, and Scott watched the traffic briefly before attempting to cross. He then stepped into the street and was struck by Doran's vehicle. The force of the impact threw Scott approximately thirty feet. His injuries included several cuts, bruises, a broken nose, and the loss of several teeth. After a brief hospital stay, he returned home to recuperate.
The issue we must decide is whether defendants' motion for directed verdict was properly granted, thereby dismissing plaintiff's claim against the School Board and Grubb. A motion for a directed verdict in civil jury trials is a relatively new procedural device in Louisiana. It has been made available by the enactment of C.C.P. Art. 1810.[1] Acts 1977, No. 699 as amended by Acts 1978, No. 156. The purpose of the directed verdict is to "serve judicial efficiency by allowing the judge to conclude the litigation (in a jury trial) if the facts and inferences are so overwhelmingly in favor of the moving party that the court believes that reasonable men could not arrive at a contrary verdict." Symposium, Civil Procedure-Work of Louisiana Legislature for 1977 Regular Session, 38 La.L.Rev. 152, 157 (1977) as quoted in Campbell v. Mouton, 373 So.2d 237 (La.App. 3d Cir. 1979).
Although the legislature has created this procedural device, it did not clearly delineate the criteria the trial judge must employ to decide whether to grant the motion. Development of this standard of proof has been left to the courts. Article 1810(A) was based verbatim upon Rule 50(a) of the Federal Rules of Civil Procedure. Campbell, supra, at 239. The standard of proof required under Rule 50(a) is set forth in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969):
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidencenot just that evidence which supports the non-mover's casebut in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment *678 might reach different conclusions, the motions should be denied, and the case submitted to the jury.
This standard of proof has been adopted by the Louisiana Supreme Court and this court. Breithaupt v. Sellers, 390 So.2d 870 (La.1980); Gordon v. Nat'l Union Fire Insurance Co. of Pittsburgh, Pa., 411 So.2d 1094 (La.App. 4th Cir.1982).
After a thorough review of the plaintiff's evidence is considered in the light most favorable to the plaintiff, and drawing all reasonable inferences most favorable to him, we are forced to conclude that the defendants' motion for a directed verdict should not have been granted.
The record in this case, viewed in the light most favorable to the plaintiff, reflects the following: The Roberts had entrusted Scott to the care of the School Board, not only during school hours, but also while he was riding to and from school in a School Board bus. The bus was driven by an employee of the School Board, E.J. Grubb. On more than one occasion, including the day before the accident, Scott's parents had spoken to Mr. Grubb directing him not to let Scott off the bus at any place other than in front of his house or the middle of the block. Mr. Grubb had also been instructed by the School Superintendent not to let the children off at any place other than on their block, the corner of their block, or in front of their own home, so that they would not be forced to cross any busy street. Mr. Grubb knew where he was supposed to let Scott off. Additionally, Scott had asked Grubb that day if he could be let off early, but Grubb refused. Scott told Mr. Grubb, "good-bye" as he exited the bus on the day of the accident.
Our review of the record leads us to conclude that the trial judge should have left the evaluation of the evidence for determination by the trier of fact, the jury.
We are of the opinion that there is evidence which, when viewed in the light most favorable to the plaintiff, could be sufficient to convince a reasonable and fair-minded person to return a verdict in favor of plaintiff.[2]Campbell, supra; Gunter v. Plauche, 399 So.2d 727, 728 (La.App. 1st Cir.1981).
For the foregoing reasons, the judgment of the trial court granting defendants' motion for directed verdict is reversed and the case is remanded for a new trial, not inconsistent with views expressed herein. Each party is to bear its own costs.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.C.P. art. 1810(A): "A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. A motion for a directed verdict shall state the specific grounds therefor. The order of the court granting a motion for a directed verdict is effective without any assent of the jury."
[2] This statement is not to be construed as an expression by this court on the merits of this case. It is merely our view, on the evidence thus far adduced, that a reasonable and fair-minded jury might decide the issues in favor of either party.