428 So.2d 560 (1983)
Eva BROWN, individually and as natural Tutrix of the minor, Tammy DUGAS
v.
McDONALD'S CORPORATION.
No. CA 0314.
Court of Appeal of Louisiana, Fourth Circuit.
March 4, 1983.
*561 Edward N. George, III, and Mary Ann Sloan of Stassi & Rausch, New Orleans, for appellant.
Emile J. Dreuil, Jr., New Orleans, for appellee.
Before CIACCIO, BYRNES, and LOBRANO, JJ.
CIACCIO, Judge.
This is an action for damages for personal injury sustained when plaintiff, Tammy Dugas, slipped and fell at McDonald's Restaurant in New Orleans. The trial court rendered judgment in favor of the plaintiff in the amount of $18,020.95, and the defendant appealed.
There are two issues on appeal: (1) Did the trial court err in finding the defendant liable? and (2) Was the award of damages excessive?
The facts are as follows:
At approximately 12:30 p.m. on November 21, 1978, Tammy Dugas and two friends, Robyn Meissner and Donald Kinney, went to McDonald's Restaurant in the Lake Forest Plaza Shopping Mall for lunch. The party proceeded through the main entrance of the restaurant and went directly to a table to enable Donald Kinney to be seated as he was walking with crutches. The plaintiff and Robyn Meissner then walked to the counter to place the food orders for the party. After she received the food orders for herself and Donald Kinney, Robyn Meissner brought the food to the table where her friend Donald was seated. Tammy Dugas had placed a special food order and this delayed her return to the table. After receiving her food, Miss Dugas was proceeding around the salad bar towards the table where her friends were seated, when she slipped and fell, injuring her left leg and back.
The testimony is in conflict regarding the cause of the fall and the incidents which occurred after the accident.
The plaintiff testified that she slipped on a thin film of grease, which was on the tile floor of the restaurant and a residue of it remained on her shoes and clothing after the fall. Her version of the cause of the accident was corroborated by Miss Meissner and Mr. Kinney, the plaintiff's companions.
The employees of the McDonald's Company who were present on the date of this incident testified that the floor was clean and they attributed the plaintiff's fall to her inability to walk in her high heeled platform shoes.
After the fall Tammy Dugas was assisted to the table where her friends were seated. Her food, which had spilled onto the floor, was removed and the floor was cleaned.
The plaintiff and her two friends testified that after the accident, her companion, Donald Kinney, went to the counter to report the incident to the manager. He testified that two different employees came out to talk to him but he did not see the manager. He stated that the last employee he spoke with took the plaintiff's name and *562 telephone number, after informing him that the manager was too busy to see him.
According to the witnesses for the defense, the manager, Donna Swanson, saw the plaintiff fall because she was behind the counter at the time, some ten feet from where the plaintiff fell. Miss Swanson asked the plaintiff if she was hurt, the plaintiff replied that she was not hurt and she refused assistance before leaving the restaurant.
The plaintiff and her friends began walking to their car but the plaintiff was not feeling well, so she and Miss Meissner waited on a bench in the mall while Donald Kinney phoned the plaintiff's mother to inform her of the accident.
Mr. Kinney brought the plaintiff to South Jefferson General Hospital where her mother, Eva Brown, was employed. Mrs. Brown took her daughter to be examined by Dr. Michael Friley who diagnosed her condition as a severe lumbosacral strain and left leg contusion and admitted her to the hospital where she remained for eight (8) days. During this time she was administered medication and intense physiotherapy. Miss Dugas was examined in the hospital by a consultant, Dr. Raul Reyes, who diagnosed her condition as a subsiding lumbosacral strain and left leg contusion with a slight ecchymosis of the left knee.
After her release from the hospital Miss Dugas visited Dr. Reyes for treatment, but she was primarily treated by Dr. Michael Friley. She underwent physical therapy as an outpatient. She continued to complain of pain in the affected area through the time of her last visit to Dr. Friley which was October 3, 1980.

Liability
The appellant contends that the floor was clean and dry in the area of Miss Dugas' fall and the plaintiff was solely responsible for her fall.
Store owners have a duty to protect their customers from foreign substances on the floor and this includes a duty to take reasonable protective measures including an obligation to conduct periodic inspections to insure that the floors are free of such substances. Gonzales v. Winn Dixie Louisiana, Inc., 326 So.2d 486 (La., 1976); Kavlich v. Kramer, 315 So.2d 282 (La., 1975). Once the plaintiff establishes that he has fallen on a foreign substance on the floor, the burden shifts to the defendant to exculpate itself from the presumption that it is negligent. Gonzales v. Winn Dixie Louisiana, supra. Kavlich v. Kramer, supra.
In this case the plaintiff met its burden of proof and the defendant was unsuccessful in exculpating itself from liability.
Faced with a conflict in testimony concerning the cause of the accident, the trial court judge accepted the plaintiff's version of the accident and made the following finding:
* * * * * *
"The testimony of plaintiff and her two witnesses is largely contradicted by the testimony of Donna Swanson, defendant's Assistant Manager, and partly by the testimony of Theresa Barrios who was on duty at the time. However, the Court having observed the witnesses' appearance, attitude, and conduct, accepts the testimony of plaintiff and her witnesses and concludes that plaintiff has carried her burden of proof and that judgment should be rendered in her favor.
The Court is convinced that plaintiff slipped on a grease smear on the floor and this, not anything she did, caused her to fall and injure herself.'
* * * * * *
`The court attributes the presence of the grease smear that caused Miss Dugas to slip and fall to negligence of defendant's employees in smearing grease on the floor while mopping or by cleaning the floor with a greasy mop. Further, the Court finds that the inspection procedures actually taken on the day of the accident were far from adequate. Adequate protection to plaintiff and other customers would have required defendant's employees to make a searching inspection of the area where plaintiff fell, *563 especially because of its proximity to the salad bar. Such an inspection would have revealed the presence of the grease smear on the floor. The plaintiff and her witnesses were in McDonald's for a total of 30 minutes and saw no cleanup person on the premises, other than a girl who cleaned up the food that had fallen off Miss Dugas' tray. Gonzales v. Winn Dixie Louisiana, Inc., supra." (Reasons for Judgment).

* * * * * *
This Court is obligated to uphold the trial court's findings of fact, in the absence of manifest error, when there is reasonable evidence before the trier of fact, which upon its reasonable evaluation of credibility furnishes a reasonable factual basis for the trial court's finding. Arceneaux v. Domingue, 365 So.2d 1330 (La., 1979); Canter v. Koehring, 283 So.2d 716 (La., 1973).
In this case the findings of the trial judge were based upon a reasonable evaluation of credibility wherein the judge chose to believe the plaintiff and her witnesses. This reasonable evaluation furnishes a reasonable factual basis for finding that the sole proximate cause of the accident was the negligence of the defendant, McDonald Corp. The trial court's findings on the issue of liability were not manifestly erroneous.

Quantum
The trial court awarded the plaintiff the sum of $16,000 general damages. The appellant contends that this amount is excessive.
In order for an appellate court to disturb a damage award, the record must clearly reveal that the trier of fact abused its discretion in making its award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La., 1977). In making the determination that the award is excessive the reviewing court must evaluate the particular injuries and their effects upon this particular injured person. Reck v. Stevens, 373 So.2d 498 (La., 1979). Only after a determination of abuse has been made, is a resort to prior awards appropriate. Reck v. Stevens, supra.
The appellate court may then disturb the award only by lowering the award to the lowest point which is reasonably within the discretion afforded the Court. Coco v. Winston Industries, Inc., supra.
The plaintiff, a sixteen (16) year old student and part time employee, stated that at the time of her fall her feet went out from under her and she fell. Donald Kinney, the plaintiff's friend and a witness to the accident, testified that the plaintiff hit her head and back on a steel chair as she fell. Another witness, Robin Meissner, noted that the plaintiff's arm also hit the chair. The plaintiff was dazed and embarrassed by the fall. She was thereafter assisted to her table by her friend. She remained at the table a short time before proceeding toward the car, to leave the shopping mall. Before reaching the parking lot, Tammy Dugas had to sit down on a bench in the mall's lobby because she was feeling bad. She was then driven to South Jefferson General Hospital where she joined her mother, who then took her across the street to the doctor's office. Dr. Michael Friley, a general surgeon with orthopedic training, examined the plaintiff and found that she had a lumbosacral strain and contusion of the left leg, which was severe enough to admit her to South Jefferson General Hospital. The plaintiff was administered X-rays, and analgesics and muscle relaxants were prescribed. She underwent physical therapy, consisting of moist heat, diathermy and massage twice a day for the duration of her hospital stay. While in the hospital, Tammy Dugas was also seen by Dr. Raul Reyes, a consultant. Dr. Reyes, a surgeon, diagnosed Miss Dugas' condition as being a subsiding lumbosacral strain and left leg contusion with a slight ecchymosis of the left knee level. On November 29, 1978, Miss Dugas was released from the hospital.
The plaintiff visited Dr. Friley on December 6, 13, 20, 1978 complaining of pain in her back and leg. She was unable to attend school because she experienced difficulty in walking. She had seven (7) outpatient treatments of physical therapy during December, *564 1978 and was administered a stronger pain medicine by Dr. Friley. On January 3, 1979, the plaintiff visited Dr. Reyes who found her condition improved, but he concluded that pain continued to exist in the area. Tammy Dugas visited Dr. Friley on February 28, 1979, at which time he discharged her as being free of pain, however she returned to see him on July 16, 1979 complaining of back pain. Physical therapy was prescribed and Miss Dugas had three (3) such treatments in July, 1979 and two (2) treatments in August, 1979. On January 3, 1980 she was suffering from mild lumbo-tenderness and Ascriptin was prescribed. On her last visit to Dr. Friley, in October, 1980, Tammy Dugas complained of pain in her back and leg when there were weather changes or when she engaged in activity. Dr. Friley and Dr. Reyes testified that the November 21, 1978 accident caused the plaintiff's condition.
The plaintiff testified that she missed 2-3 weeks of school and stayed in bed after her discharge from the hospital. She stated that she experienced pain between the time of her discharge and return to Dr. Friley. Thereafter, she would apply a heating pad as she was tired of going to the doctor because she felt she was not getting relief. She only returned to the doctor when she was in a great amount of pain. Miss Dugas' mother, Eva Brown, testified that her daughter was in a great deal of pain while in the hospital. She also stated that her daughter complained of pain in her leg and back after the discharge in February, 1979.
Miss Dugas testified that the accident prevented her from leading a normal teenage life, due to the pain. She stated that before the accident she engaged in the school's program of physical education, however, she was afraid to participate in this activity after the accident because she feared that she might further hurt her back.
We have considered the injuries to this sixteen (16) year old plaintiff and the effects of these injuries in terms of the pain and suffering and restriction of activities experienced by this plaintiff and we conclude that the award of general damages of $16,000 is not clearly wrong.
The question is not whether a different award might be more appropriate but whether the trial court's award can be reasonably supported by the evidence. The fact that the evidence might also support a lesser award will not justify a change in the amount. Erdey v. Steib, 392 So.2d 131 (La. App., 1st Cir., 1980).
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.