449 So.2d 152 (1984)
Leonard GORDON
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pennsylvania Budget Rent-A-Car of New Orleans, Inc., Homer Brister, Snee Lumber Co. and the XYZ Insurance Company.
No. CA 1352.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
*153 Peter F. Liberto, New Orleans, for plaintiff-appellee.
Edward J. Rice Jr., F. Lee Butler, New Orleans, for defendants-appellants.
Before REDMANN, C.J., and KLEES and BYRNES, JJ.
BYRNES, Judge.
Leonard Gordon, plaintiff-appellee, was injured while a guest passenger in an automobile involved in an accident on June 28, 1978. Plaintiff originally filed suit in Civil District Court, Orleans Parish, against his employer, Budget Rent-A-Car, ["Budget"], Budget's liability insurer, National Union Fire Insurance Company, ["National"], the driver of the other vehicle and his employer. The case was tried before a jury and at the close of plaintiff's case the judge granted motions for directed verdict dismissing all defendants. Plaintiff appealed and this court affirmed the dismissals as to all defendants except National and remanded the case to determine National's liability. See Gordon v. National Union Fire Insurance Co., 411 So.2d 1094 (La.App. 4th Cir. 1982).
On remand, the jury found that the plaintiff was outside the course and scope of his employment when the accident occurred and awarded him $55,000.00 in damages. National filed a motion for a judgment notwithstanding the verdict which was denied. The court adopted the jury's verdict and National perfected this appeal. We affirm.

ASSIGNMENT OF ERROR
National contends that the jury's findings regarding course and scope of employment were manifestly erroneous because they were against the weight of the evidence.

FACTS
Plaintiff was employed by Budget as a car hiker. His job involved taking Budget's cars to and from repair shops and other Budget locations. On June 28, 1978 the plaintiff and a co-employee were told by their supervisor to use a company car, which was strictly against company policy, to get lunch, and bring a sandwich back for the supervisor as a favor. Plaintiff had not planned to eat lunch on that day because he had no transportation. Shortly after they left Budget an intersectional collision with a tractor-trailer occurred, killing the coemployee who was driving, and seriously injuring plaintiff.
*154 As previously stated, it is plaintiff's contention that he was on lunch break when the accident occurred. National maintains that plaintiff was told to pick up a car as well as lunch for his supervisor.

COURSE AND SCOPE
The only issue herein is whether the jury's finding that Gordon and his fellow employee were not in the course and scope of their employment when the accident occurred, was erroneous. If we find the jury's conclusions to be erroneous then plaintiff's sole remedy would be under the Workers' Compensation statutes.
Generally, where an employee takes his lunch hour away from his job at a place of his own choice it is assumed that his lunch hour is his own time and that where he eats is not effected by the nature of his job. See Malone, Louisiana Civil Law Treatise, Vol. 13 Sec. 163 (1980). However, the surrounding circumstances must be reviewed to determine whether this general rule applies. These circumstances include:
When the accident occurred, if it occurred on or off the company premises, was the accident a risk of employment, whether the employee was paid at the time of the accident, was the employee's activity at the direction of or in the interest of the employer.... The proper question here is to ascertain if plaintiff was on his own time merely accommodating his supervisor or was plaintiff acting at the direction of his supervisor. Gordon v. National Union Fire Insurance Co., Supra at 1098.
In the case at bar Nolan Darby, plaintiff's supervisor, testified that he sent plaintiff and his co-employee to retrieve a Budget car from a repair shop and to get lunch. He also asked them to bring back a sandwich for him. Plaintiff testified that they were only asked to bring back a sandwich as a favor to their supervisor and that there was nothing work related as suggested by Darby. Further, plaintiff punched out before leaving the premises so he was apparently not on company time. The defense presented evidence suggesting that plaintiff punched back in 2 minutes after he left Budget. Plaintiff stated that he did not.
It is well settled that on review we are mandated to uphold the findings of fact and credibility determinations of the trier of fact absent a showing that such findings are not reasonably based upon the facts presented at trial. Arceneaux v. Dominique, 365 So.2d 1330 (La.1979) and Brown v. McDonald's Corp., 428 So.2d 560 (La.App. 4th Cir.1983). The same standard of review is applied to a jury's findings, particlarly when those findings involve credibility evaluations. Stevens v. Allstate Insurance Co., 428 So.2d 834 (La.App. 5th Cir.1983). The jury apparently found the plaintiff to be more credible. We cannot say, from the record before us, that the jury's findings in this regard were manifestly erroneous.

CONCLUSION
Since plaintiff was not on company time and was not performing work related duties when the accident occurred, we affirm the finding that he was outside the course and scope of his employment.
For the foregoing reasons the verdict of the trial court is affirmed.
All costs of this appeal are to be borne by appellant.
AFFIRMED.