475 So.2d 388 (1985)
STATE of Louisiana
v.
Kevin J. BRANCH.
No. KA 84 1017.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
Rehearing Denied September 11, 1985.
*389 Ossie Brown, Dist. Atty. by Tom Walsh, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
R.J. Eames, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
Kevin J. Branch was charged by bill of information with attempted aggravated kidnapping. LSA-R.S. 14:44; 14:27. He pled not guilty, was tried by a jury which found him guilty as charged, and was sentenced to five years at hard labor. Defendant alleges twenty-one assignments of error, only one of which is briefed; therefore, the other assignments are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.
*390 The victim left work at about 9:30 p.m. on June 17, 1982, and went to her apartment to get some laundry. As she was walking toward her car with her laundry, she saw a black man walking down the sidewalk. She went to her car, opened it, and put in her laundry. As she turned around, the black man she had previously noticed came up beside her, said, "Get in the car," and attempted to push her into her car. The victim refused and pushed him back. A fight ensued between the victim and her assailant with assailant knocking the victim to the ground and pummeling her in the face with his fists. The victim fought back, screaming for help. Her attacker kept telling her, "Shut up, bitch, I've got a gun," but she kept screaming. Three persons came to the victim's aid, and the assailant ran away. One of the rescuers pursued the assailant from the apartment complex to Republic Towers next door.
Roy Lee Baggett had been walking toward the apartment complex parking lot with his girlfriend and her mother when he heard screaming. He testified that he saw defendant bending over the victim hitting her and then he observed defendant pushing the car door shut and running away. Baggett ran after him. According to Baggett, the defendant stopped briefly and turned around, giving Baggett another opportunity to see him. Baggett chased him around the Republic Towers building where he temporarily lost sight of him. Baggett observed an old green four door Chrysler New Yorker with damage down the right side. Baggett felt that the assailant had to be in that car because he didn't have time to run anywhere else. Therefore, Baggett kept the Chrysler under observation and watched as a black male got in the driver's seat and began to drive off. He then saw another person sit up on the passenger's side of the front seat. He elicited help from a passerby in a car and they followed the green car until it stopped in a parking lot. Baggett had the driver stop their vehicle in front of the green car. The dome light in the green car was on, and he recognized the passenger as the man he had been chasing.
Baggett tried to get the license plate number of the car but did not have a pen. He did, in fact, remember the first three numbers and letters, but transposed the last three numbers in reporting the license number. The car, with defendant and its driver, was picked up later that night. Defendant was taken into custody and read his Miranda rights.
A photo lineup was composed and shown to the victim, Baggett and another witness that same night. The victim positively identified the defendant as her assailant, Baggett said one picture (defendant) looked like the man he had chased, and the third witness could not make a positive identification. The photo lineup was not shown to a fourth witness.
Although the attack occurred at night, the victim and two testifying witnesses stated the lighting was good in the apartment complex parking lot where the incident occurred. They also testified that Florida Boulevard, the street next to the complex, was well lighted.

ASSIGNMENT OF ERROR NO. 21ARGUMENT NO. 1
Defendant urges on appeal that he should be granted a new trial because blacks were excluded from jury participation.
Defendant moved for a new trial April 24, 1984, and a hearing was held on June 5, 1984. His motion, which was denied, was based, inter alia, on the state's alleged systematic exclusion of blacks from the jury.
When a defendant contends that he has been deprived of a jury which represents a fair cross-section of the community, he has the burden of establishing a prima facie case of discrimination. State v. Brown, 371 So.2d 751 (La.1979). Where defendant is able to establish a prima facie case of such systematic exclusion, the burden shifts to the state to show that no discrimination was practiced. State v. Bias, 354 So.2d 1330 (La.1978).
*391 In State v. Andrews, 451 So.2d 175 (La. App. 1st Cir.1984), writ denied, 457 So.2d 17 (La.1984), the court, citing Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), held that a mere showing by the defense that peremptory challenges were used to exclude blacks in a particular case is not sufficient to establish a violation of the Fourteenth Amendment's Equal Protection Clause. Rather, according to Swain, the defendant must show the prosecutor's systematic use of peremptory challenges against blacks over a period of time. Although defendant argues that the prosecutor in the case herein has historically exercised peremptory challenges against blacks, the trial court found that defendant failed to make a prima facie showing of capricious or systematic exclusion of blacks from the jury, either for cause or peremptorily.
The record in this case reflects that the state used four peremptory challenges, one of them against defense counsel's relative and another against an acquaintance of the accused. The race of the prospective jurors challenged is not shown in the record. Defense counsel used all of his peremptory challenges; the number used against blacks is not shown in the record. The jury consisted of twelve persons, ten white, and two blacks. The verdict was ten to two; the whites voting guilty, and the blacks voting for acquittal. The record before us establishes that the trial court did not abuse its discretion in the denial of defendant's motion for a new trial. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 21ARGUMENT NO. 2
Defendant also urges that the court erred in denying a post verdict judgment of acquittal based on insufficient evidence, both as to identification and as to the charge of aggravated kidnapping.
The proper standard on appellate review for sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. LSA C.Cr.P. art. 821, Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Moore, 432 So.2d 209 (La.1983), cert. denied, 464 U.S. 986, 104 S.Ct. 435, 78 L.Ed.2d 367 (1983); State v. Rodrigue, 441 So.2d 1274 (La.App. 1st Cir.1983), writ denied, 445 So.2d 436 (La.1984).
Viewing the evidence as to defendant's identification in the light most favorable to the prosecution, there is sufficient proof of positive identification. The victim viewed her assailant from close range on a well-lighted parking lot. She was positive in her identification of the defendant, both in the photo line-up and at trial. Baggett also had several opportunities to see the assailant, whom he identified as the defendant, both while chasing the assailant and while observing him seated in the front seat of the green car with the dome light on.
However, the facts in this case do not support a finding of attempted aggravated kidnapping. The essential elements of aggravated kidnapping under LSA-R.S. 14:44(1) are: (1) the forcible seizing and carrying of a person from one place to another, (2) with the intent to force a victim (or another) to grant any advantage or immunity, or to give up anything of apparent present or prospective value, (3) in order to secure the victim's release from the offender's control. Performance of a sexual act for the advantage of the offender constitutes "something of apparent value" when used as a condition for the release of the person seized. State v. Sonnier, 402 So.2d 650 (La.1981); cert. denied, 463 U.S. 1229, 103 S.Ct. 3571, 77 L.Ed.2d 1412 (1983); Rodrigue, 441 So.2d at 1277.
An attempt requires specific intent to commit the crime and an overt act tending directly toward the accomplishment of that crime. LSA-R.S. 14:27. Although the state need not prove every element of the crime, the state does have the burden of proving specific intent to commit the charged crime. State v. Hunter, 454 *392 So.2d 131 (La.App. 2nd Cir.1984), writ denied, 456 So.2d 1018 (La.1984). However, specific intent need not be proven as a fact, but may be inferred from the actions of the defendant and from the circumstances. LSA-R.S. 14:10(1); LSA-R.S. 15:445; State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983).
It follows therefore that the state, to prove attempted aggravated kidnapping, must present evidence that defendant specifically intended to forcibly seize the victim and to extort something of value from the victim, or a third party, for the release of the victim. (emphasis ours).
The facts show that defendant ordered the victim into her car, and tried to push her into the vehicle. He represented that he had a gun. The victim did not have a purse with her, nor did defendant ask for money or her car keys. Any rational trier of fact could reach the conclusion, beyond a reasonable doubt, that the defendant intended to seize the victim for sexual purposes. However, the record shows that terms of her release were never mentioned. The only comments made by the defendant were orders to "get in the car" and to "shut up", and a statement that he had a gun.
In the case of Moore, 432 So.2d at 225, the Louisiana Supreme Court held:
Although the evidence establishes that the victim was forcibly seized and deprived of his valuables, the essential element of the crime, intent to deprive in order to secure a release, is missing. There is no evidence in the record from which any rational trier of fact could have concluded that the victim was deprived of his valuables in exchange for his release or promise of release. The crime of aggravated kidnapping is limited to cases of kidnapping for ransom (i.e., kidnapping with intent to extort). LSA-R.S. 14:44, comment; State v. English, 367 So.2d 815, appendix at 823 (La. 1979). (emphasis in original).
The record contains sufficient evidence to prove the elements of the crime of attempted simple kidnapping. Simple kidnapping is defined in LSA-R.S. 14:45 as the intentional and forcible seizing and carrying of any person from one place to another without his consent.
Article 821(E) of the Louisiana Code of Criminal Procedure allows the appellate court to modify the verdict of the lower court on a post verdict judgment of acquittal when the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense. Therefore, this court may render a judgment of conviction on the lesser included responsive offense.
Accordingly, the conviction of attempted aggravated kidnapping is reduced to attempted simple kidnapping, and the case is remanded to the lower court for resentencing.
AFFIRMED IN PART, AMENDED IN PART, AND REMANDED.