BYRNES, Judge.
Bernard Vollentine appeals the judgment of the trial court granting Sharon Vollen-tine an executory judgment in the amount of $1,500 for arrearages in alimony and $1,733.00 representing outstanding medical expenses. We affirm.
FACTS
On April 9, 1986, Sharon Vollentine filed a Petition for Separation from Bernard Vol-lentine. On October 8, 1986, Ms. Vollen-tine was awarded sole custody of the minor child of the marriage, use and occupancy of the family home, alimony pendente lite in the amount of $750.00 per month, child support in the amount of $150.00 per month, and provision for hospitalization and medical insurance.
On May 7, 1987, Mr. Vollentine filed a Petition for Divorce on the grounds of living separate and apart for more than one year. On June 10, 1987, Mrs. Vollentine filed an answer to the Petition for Divorce. On that date the court signed two judgments, one granting the separation and one granting the divorce.
On September 1, 1989, Ms. Vollentine filed a Rule for Contempt and Execution Judgment against Mr. Vollentine for past due alimony, child support, and medical expenses. On September 29, 1989, after a discussion in chambers, the trial court rendered judgment awarding the requested ar-rearages. Mr. Vollentine appeals that decision.
ASSIGNMENTS OF ERROR
Appellant raises two issues on appeal. (1) whether the Judgment of Divorce on June 10, 1987, contained an award of permanent alimony; and (2) whether a judgment for making past due alimony exec-utory is proper where it is founded only upon a judgment of divorce continuing a prior award of alimony pendente lite after divorce.
SCOPE AND REVIEW
(1) The trial court did not err in finding the Judgment of Divorce on June 10, 1987, contained an award for permanent alimony. “It is well settled that on review we are mandated to uphold the findings of fact and credibility determinations of the trier of fact absent a showing that such findings are not reasonably based upon the facts presented at trial.” Gordon v. National Union Fire Ins. Co. of Pittsburgh, 449 So.2d 152, 154 (La.App. 4th Cir.1984); Succession of Godefroy, 428 So.2d 550 (La.App. 4th Cir.1983). In the Judgment of Divorce on June 10, 1987, the *573 trial court stated “that all prior orders of the court regarding alimony, child support, medical insurance ... be continued in full force and effect”; and “that Bernard W. Vollentine Jr. does agree to postpone for a period of four months any legal action that he has a right to pursue regarding a reduction in alimony based on the parties change of status.”
In the preceding trial on June 10, 1987, Mr. Vollentine was asked:
Q: Now, Mr. Vollentine, do you understand that, If the Court rules against you on the issues of fault, that you would bear the responsibility of the payment of alimony after divorce, do you understand that?
A: Yes, I do.
Q: And you still admit to the fault in the marriage, is that correct?
A: Yes.
Q: Now, you are aware of the terms and conditions of the October 8th judgment regarding child support alimony, occupancy of the community home, custody, and visitation, are you not?
A. Yes, I am.
Q: And do you agree to continue all of the matters contained in that judgment today? Do you agree to do that?
A: Yes, I do.
Q: And are you also aware of then, the agreement between yourself and your wife that you agree for a period of four months not to file any rule to reduce alimony after divorce because of the financial situation your wife is in at this time, is that your agreement?
A. Yes, it is.
Q: And you are aware that possibly you would be or at least you have a right to file for a reduction in alimony based on a change in status, meaning alimony, before divorce alimony, pendente lite, and alimony after divorce.... (emphasis added). (Trial Tr. p. 5, 6).
Also, the 1987 trial court specifically questioned Mr. Vollentine on how he intended to care for Mrs. Vollentine’s handicap after the Judgment of Divorce was rendered, intending permanent alimony support for her handicap. This court finds that the trial court reasonably concluded that the Judgment of Divorce contained a judgment for permanent alimony. Thus, this assignment of error has no merit.
(2) The trial court did not issue a judgment making past due alimony exec-utory when founded upon a Judgment of Divorce solely continuing an award of pen-dente lite alimony after divorce. Because this court already found the Judgment of Divorce to contain a judgment for permanent alimony, this issue is without merit.
For the foregoing reasons, we affirm the trial court decision.
AFFIRMED.